**Don M. TELLOCK, Plaintiff–Appellant,**

v.

**Peter DAVIS, Martin Davis d/b/a Jack Davis, Davis Properties, and Jackson Heights Realty, L.L.C., Defendants–Appellees.**

No. 02–9360.

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Don M. Tellock, New York, N.Y., for Appellant.

Jay Litzman, Kera Graubard & Litzman, New York, N.Y., for Appellees.

Present: OAKES, JACOBS, and POOLER. Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Don M. Tellock ("Tellock") appeals from the October 31, 2002 order of the United States District Court for the Eastern District of New York (Block, *J.*) denying Tellock's application for a preliminary injunction enjoining Defendants–Appellees, Peter Davis, Martin Davis d/b/a Jack Davis, Davis Properties, and Jackson Heights Realty, L.L.C. (collectively "Defendants") from (1) continuing or initiating any action for possession of premises located at 35–34 84th Street Apartment E–1, Jackson Heights, New York 11372 (the "Apartment") until final disposition of the action in the Eastern District of New York; and (2) staying the state housing court proceeding titled *Jackson Heights Realty, L.L.C. v. Tellock,* Index No. 071635/02.

Tellock's complaint focuses on the actions and statements of defendant Peter Davis ("Davis"), a co-owner and managing agent of defendant Jackson Heights Realty, L.L.C. The basis of Tellock's federal court action is that Defendants discriminated against him on the basis of race in violation of the Fair Housing Act and other federal and state civil rights laws.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Generally, Tellock claims that during the beginning and end of the seven-year period that he resided at the Apartment, Davis made certain comments to him which Tellock construed as racist. During this same time period,

however, Davis renewed Tellock's lease on four occasions and negotiated with Tellock regarding the terms of these leases. Every time the lease was renewed, Tellock's rent was increased, on average, by 5%. In February 2002, after Tellock's most current lease expired, Defendants offered to renew Tellock's lease for one year for an 8% rent increase or for two years for a 12% rent increase. Tellock objected to these terms, and claimed that he was being charged a higher percentage of rent increase than other non-African-American residents of the apartment building. In June 2002, Defendants served Tellock with a 30–day notice of termination. Tellock then commenced an action in the Eastern District of New York alleging that Defendants discriminated against him on the basis of race, and sought a preliminary injunction to enjoin the state court proceedings. In August 2002, Defendants commenced a summary hold-over proceeding in state housing court.

This Court reviews for abuse of discretion the district court's denial of the plaintiff's motion for injunctive relief. *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002). As a preliminary matter, we have jurisdiction to consider Tellock's claims because this appeal contains a live controversy capable of redress. *See New England Health Care Employees Union, Dist. 1199 v. Mount Sinai Hosp.*, 65 F.3d 1024, 1029 (2d Cir.1995). The issue of whether Tellock is entitled to the preliminary injunction is not mooted by the fact that the parties subsequently executed a stipulation of settlement ("Stipulation") that terminated the state housing court eviction proceedings because the Stipulation explicitly stated that it did not prejudice the parties' rights in the pending federal action.

■ A party seeking a preliminary injunction must establish irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor. *Kamerling*, 295 F.3d at 214. Here, the district court correctly found that Tellock failed to establish a likelihood of success on the merits of his discrimination claims or even a serious question going to the merits of his claims. Tellock's central contention is that Davis allegedly used racially charged language and that Defendants were charging him a higher percentage of rent increase than other tenants of Defendants. Tellock did not sufficiently establish that Defendants' alleged racial animus influenced his decisions as managing agent of the Apartment because his lease was renewed four times during his seven-year occupancy. Indeed, Tellock negotiated the percentage of rent increase for each renewal except on one occasion. Further, Tellock concedes that Defendants' proposed 12%-rent increase, which would raise Tellock's rent to $1,019.20, is still an amount lower than the estimated market price for a comparable apartment. In addition, assuming that Tellock was charged a higher percentage of rent increase to renew his current lease, even at this preliminary stage, he has not put forth any evidence suggesting that there exists a disparity in the actual amount of rent that he pays versus what other tenants of Defendants pay.

■ Tellock also failed to demonstrate that he will suffer irreparable harm without the preliminary injunction. To establish irreparable harm, the party must show that "there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation [and that the harm is] actual and imminent, not remote or speculative." *Kamerling*, 295 F.3d at 214 (citations omit-

ted). Here, Tellock does not face the threat of imminent eviction because the Stipulation gave him until December 31, 2003 to vacate the Apartment. Further, Tellock earns approximately $70,000 a year as an attorney and takes home approximately $3,000 each month. Finally, any injury to Tellock can be compensated by money damages, which would include the price of increased rent plus moving expenses. Thus, Tellock has not demonstrated that he will suffer an imminent and irreparable injury absent the injunction.

As a final matter, it should be noted that the decision here does not implicate nor comment on the merits of Tellock's underlying discrimination claims. In affirming the denial of Tellock's application for a preliminary injunction, the Court "do[es] not intimate any view on the ultimate outcome of the case." *Sanders v. Air Line Pilots Assoc. Int'l,* 473 F.2d 244, 249 (2d Cir.1972); *see also Heldman v. United States Lawn Tennis Assoc.,* 354 F.Supp. 1241, 1252 (S.D.N.Y.1973).

In sum, the district court correctly denied Tellock's motion for a preliminary injunction because Tellock failed to establish both a likelihood of success on the merits of his discrimination claims and irreparable injury. Accordingly, the Court hereby AFFIRMS the district court's judgment denying Tellock's application for a preliminary injunction.